Filed 11/28/22 P. v. Lemmon CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE, | C090231 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F7820) |
| v. | OPINION ON TRANSFER |
| KEVIN FRANK LEMMON, | |
| Defendant and Appellant. | |

Defendant Kevin Frank Lemmon appeals from the trial court's order denying his petition for resentencing under former Penal Code section 1170.95 (now section 1172.6).[1] Defendant contends the trial court incorrectly weighed the facts using the wrong legal standard when it denied his petition at the prima facie stage and asserts his

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). Undesignated statutory references are to the Penal Code.

1

eligibility for resentencing was not precluded by the jury's robbery-murder and burglary-murder special circumstance findings from his trial.

We filed an unpublished opinion on May 23, 2022, affirming the trial court's order. Our Supreme Court granted review of the matter on September 21, 2022, and transferred the case to us with directions to vacate our previous decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). After reconsidering the matter, we will reverse the trial court's order and remand the case for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2013, a jury found defendant guilty of first degree murder (§ 187, subd. (a)—count 1), first degree robbery (§ 211—count 2), and first degree burglary (§ 459—count 3). The jury also found true robbery-murder and burglary-murder special circumstance allegations (§ 190.2, subd. (a)(17)), and an allegation defendant acted in concert with two or more other persons as to the robbery count (§ 213, subd. (a)(1)(A)).

On appeal, we affirmed the convictions but modified the sentence to correct a sentencing error. (*People v. Lemmon et al.* (Sept. 29, 2016, C074689) [nonpub. opn.], mod. Oct. 25, 2016 (*Lemmon*).)[2] In our opinion, we detailed the evidence introduced at trial. In short, defendant and codefendants Kenneth Matthews and William Lee Freed, Jr., forced their way into the victim's motel room "to steal money and/or drugs and to retrieve some personal belongings of [defendant's] girlfriend."[3] "When [the victim] tried to fight off the intrusion, Freed stabbed him multiple times." (*Ibid.*)

---

[2] At defendant's request, we incorporated the appellate record in *Lemmon* by reference into the record for the current appeal.

[3] Matthews was initially charged but testified at trial for the prosecution as part of a plea agreement. (*Lemmon, supra*, C074689.)

2

In the appeal, defendant challenged the sufficiency of the evidence for the murder conviction and the special circumstance finding. In particular, defendant argued "he could not be guilty of the felony-murder special circumstance unless the prosecution proved his intent to kill or his reckless indifference to human life" because "there was no evidence he was the actual killer." (*Lemmon, supra*, C074689.) Rejecting his argument, we concluded, "[s]ufficient evidence was presented that [defendant] acted with reckless indifference to human life. He expressed his intent to take property from [the victim's] possession by force, and armed himself with pepper spray and tried to arm Matthews with a crowbar. The jury could infer he intended violence, which was in reckless indifference to [the victim's] life, from the fact that he was concerned about the three boys near [the victim's] room. The jury could reasonably infer he wanted to outnumber the victim in an attack. There was evidence [defendant] rushed into [the victim's] room after Freed, where Freed repeatedly stabbed [the victim]. [Defendant] discharged the pepper spray and stole [the victim's] backpacks. The reasonable inference from this evidence was that [defendant] assisted Freed during the stabbing attack. [Defendant] acted with reckless indifference to [the victim's] life because he knowingly assisted Freed as he repeatedly stabbed [the victim], an act known to carry a grave risk of death. (*People v. Banks* (2015) 61 Cal.4th 788, 801.)" (*Ibid.*)

In 2019, defendant filed a petition for resentencing under former section 1170.95. In the petition, defendant declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that he was convicted of first degree or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder based on the recent changes to sections 188 and 189. He requested that the court appoint him counsel.

3

The trial court appointed counsel and received briefing from the parties. The court then issued a written order denying the petition. In the order, the court reviewed the facts from our opinion in *Lemmon* and excerpted our discussion regarding the sufficiency of the evidence for the special circumstance finding. The court then listed the specific facts describing defendant's role in the crime and concluded defendant "was a major participant in the robbery and burglary and acted with reckless indifference to human life during the course of these crimes." Thus, he was ineligible for relief under former section 1170.95.

## DISCUSSION

Defendant argues the trial court erred when it denied his petition because it relied on disputed facts and failed to construe all evidence in the light most favorable to defendant, as it was required to do at the prima facie stage of evaluation. Defendant asserts the trial court applied these facts using a substantial evidence standard of review, which was also erroneous. Moreover, defendant argues, the jury's findings on the robbery-murder and burglary-murder special circumstance allegations should not preclude his eligibility for relief because the jury made these determinations before our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. We agree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if: (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or

4

abettor "in the commission of murder in the first degree"; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added former section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (Former § 1170.95, subd. (a).)[4] As amended, section 1172.6, subdivision (a) allows a petitioner to "file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced . . . when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder [or] murder under the natural and probable consequences doctrine . . . [¶] (2) The petitioner was convicted of murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder . . . . [¶] (3) The petitioner could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (c) of section 1172.6 sets forth the process for the trial court to consider such a petition. Under section 1172.6, subdivision (c), the court reviews the petition to determine if the petitioner has made a prima facie showing that the petitioner is entitled to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 957-958.) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

Our Supreme Court has explained that subdivision (c) requires "only a single prima facie showing." (*People v. Lewis, supra*, 11 Cal.5th at p. 962.) In the prima facie stage, "the parties can, and should, use the record of conviction to aid the trial court in

---

[4] Senate Bill No. 775 (2021-2022 Reg. Sess.), which became effective January 1, 2022, made various amendments to former section 1170.95. (Stats. 2021, ch. 551, § 2.)

5

reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Id.* at p. 972.) " '[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

After the trial court's decision, the Supreme Court issued its decision in *Strong, supra*, 13 Cal.5th at page 710, which concluded that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437."

Considering the issue in the context of issue preclusion, the court observed, "*Banks* and *Clark* represent the sort of significant change that has traditionally been thought to warrant reexamination of an earlier-litigated issue. Our earlier discussion of habeas corpus petitioners who have obtained relief from their felony-murder special circumstances in the wake of *Banks* and *Clark* [citation] does much to explain why: There are many petitioners with pre-*Banks* and *Clark* felony-murder special-circumstance findings who nevertheless could not be convicted of murder today. Senate Bill 1437 requires petitioners seeking resentencing to make out a prima facie case that they 'could not presently be convicted of murder or attempted murder because of changes to [Penal Code] Section 188 or 189 made effective January 1, 2019.' (§ 1172.6, subd. (a)(3).) A pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong, supra*, 13 Cal.5th at pp. 717-718.)

6

The Supreme Court also considered whether "a court may reject a petition at the prima facie stage if it independently examines the record and determines, applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings." (*Strong, supra*, 13 Cal.5th at p. 719.) Noting the differences between pre- and post-*Banks* and *Clark* special circumstance requirements, the Supreme Court observed the changes may "have altered what evidence defense counsel would have sought to introduce . . . might have fundamentally altered trial strategies," and may have affected what jury instructions were requested or given. (*Id.* at pp. 719-720.) "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . . And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Id.* at p. 720.) Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Ibid*.)

Accordingly, neither the pre-*Banks/Clark* special circumstance findings in defendant's case, nor our conclusion that those findings were supported by sufficient evidence post-*Banks/Clark*, preclude defendant's eligibility for relief as a matter of law. The trial court's decision is thus no longer supported, and we must reverse the order denying defendant's petition.

## DISPOSITION

The trial court's order denying defendant's petition is reversed. The matter is remanded to the trial court for issuance of an order to show cause and further proceedings consistent with section 1172.6, subdivision (d).


                                         /s/
                                  BOULWARE EURIE, J.


We concur:


     /s/
ROBIE, Acting P. J.


     /s/
RENNER, J.